# Lowe & Hickok, plaintiffs in error, *vs.* Ganby, defendant in error.

### *Error to Desmoines.*

A plaintiff in an action of assumpsit, founded upon a book account, is not allowed upon his own motion to introduce his books of entry as evidence in his own behalf.

Our statutes in relation to this species of evidence have changed the rules which, at Common Law, allowed a party to testify to the correctness of any item charged in the demand or set off.

This was an action of assumpsit brought by Jacob Ganby, against Enos Lowe and Luther W. Hickok, partners, &c.

The declaration contained there counts: 1. For goods sold and delivered. 2. For drugs and medicines sold and delivered. 3. On account stated.

Plea, general issue. Verdict and judgment for the plaintiff for $120.

From the bill of exceptions taken in this cause, it appears that on the trial below the plaintiff, after introducing evidence to the general correctness of his books, and the delivery to the defendents below, of some of the items in his bill of particulars, and that he, Ganby, had no clerk during the time that the account accrued, proposed to introduce his books of original entries, and be sworn himself as to their correctness, to which defendants below objected, but the objection was overruled, and the plaintiff sworn and examined. That the plaintiff had instituted suit against Lowe & Hickok in their partnership character, for the recovery of a number of items, some of which were charged to Dr. Enos Lowe, in his individual character, and some to Lowe & Hickok, for which defendants moved for a non-suit, which motion was overruled.

Lowe & Hickok, brought their writ to reverse the judgment below, and assign for error:

1. The court erred in allowing the plaintiff below to be sworn, and to introduce his own books of entry on his own motion, as evidence in his own behalf, as set out in the first part of bill of exceptions.

2. The court erred in not excluding the individual items of plaintiff's demand, in the court below.

3. The court erred in rendering judgment against Lowe & Hickok for the individual items of account charged against Lowe & Hickok as per second part of bill of exceptions.

4. The books of supposed original entry of plaintiff below, were improperly introduced as evidence to the jury.

5. The court erred in not instructing the jury as in case of a non-suit.

HENN, MORGAN & STOCKTON, for plaintiffs in error.

HUGINS & MILLS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The main question to be

considered in this case, is, whether the admission of the book of original entries of the plaintiff below, in the manner set forth in the bill of exceptions was regular and legal. Such books of entries are admitted as evidence by the courts of most of the States of the Union, under regulations differing somewhat in the different sections of the country.

We shall therefore feel constrained to regard evidence of this nature (in some form or other) as legitimate, unless our statute has so changed our condition as to require its exclusion.

The admission of testimony of this nature is a radical departure from one of the fundamental rules of evidence, by permitting a party to manufacture proof for himself. But from the necessity of the case, such evidence has been deemed admissible, the courts deeming it better to disregard even a salutary rule of law, than to leave a large class of creditors remediless.

Our statute, however, has done away with this necessity. It allows the creditor to summon the opposite party as a witness, and lest his ignorance or want of memory should leave the evidence defective, the act of January 28th 1842, which was in force when this cause was tried below, provides " that upon the examination of either party upon the application of the opposite party in any suit in any court in this territory, said suit being founded on contract, should said party be unable to testify to the correctness or incorrectness of any item or items in the demand or set off; the party wishing said demand or set off, shall be allowed to swear to the correctness of said item or items, provided they shall have been charged by him in a regular account, and he shall prove by competent testimony that he is in the habit of keeping his account or accounts correctly." Statutes of 1841-2, page 21.

We think that after the enactment of these statutes, the argument of " necessity " had ceased to have its force. The creditor was no longer destitute of testimony to prove his demand. The law had established a rule different from that settled upon by the courts. It covered the same ground, was of paramount obligation and therefore superseded the other. It prescribed the conditions upon which a creditor might swear to his own account. It authorized this to be done where the debtor having been first called upon, refused to swear, or if, when sworn, his knowledge or recollection was defective, provided the creditor should first prove that he was in the habit of keeping his accounts correctly. What necessity for this statutory provision if it was the intention of the law to allow the creditor to be sworn in the manner permitted by the court below, in the present case. Why give him the privilege of being

sworn after he had first called upon the opposite party, if he had the right of being so sworn in the first instance? We think it may be fairly inferred that the statutory provision we have been considering, was intended as a substitute for any and all the rules on this subject which had been established by the courts. At all events it did away with the necessity of the latter, which was its sole foundation.

It will be objected, that by the statutory rule, a great hardship is imposed upon the creditor, he being bound to trust his whole case to the veracity of his antagonist. True, but is it more unreasonable to rely upon the oath of the debtor than upon the book of entries of the creditor? The proper answer to this question becomes the more evident when we reflect that the one in giving credit performs a voluntary act. He can protect himself from loss by refusing to trust his customers. But the debtor has no such protection against a dishonest trader, whose books may contain charges of goods never sold, and although the salutary rule which requires proof that some of the articles were delivered prevents a person from being placed wholly at the mercy of the books of one with whom he has never had dealings, still, he must be prudent and distrustful to a most extraordinary degree, if he does not by the purchase of one or two trifling articles, render himself liable to a trumped up amount of hundreds of dollars, by one who is sufficiently dishonest to resort to such villainy. We think therefore so far from the existence of a necessity for the continuance of the rule established by the courst; the statutory rule is far preferable. The reason therefore for the departure from the good old common law rule of evidence having ceased, we regard it as the duty of the courts to retrace their steps and to abrogate their rule which had nothing but necessity for its justification, even although the statute may not directly require it.

The judgment below will therefore be set aside and a new trial ordered.